IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM E. BOWHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-603-WKW |
| ) | [wo] |
| CAPITOL-EMI RECORDS, INC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 9, 2010). For good cause, the Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **GRANTED** and this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. PARTIES AND COMPLAINT**

On July 14, 2010 Plaintiff William Bowhall ("Bowhall" or "Plaintiff") brought eight lawsuits in this district including the one referenced in this opinion. Bowhall filed a ninth lawsuit approximately one month later. In the instant suit, Bowhall asserts claims against several record companies and artists including (1) Capitol-EMI Records, Inc., (2) Bob Segar

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

& Silver Bullet Band, (3) Geffen Records (Guns & Roses Band), (4) Casablanca Records, (5) Universal Music Group, (6) KISS Band, (7) MJJ Ventures, Inc., (8) Michael Jackson Estate, (9) Sony Music - Epic Records, (10) Music City Music, and (11) Jim Henson. *See* Doc. 1 generally. Bowhall asserts specific claims for (1) fraud & deceit, (2) negligent misrepresentation, (3) unfair competition, (4) unjust enrichment, and (5) civil conspiracy. *Id.* at p. 3-4. Bowhall generally states that the Defendants did not give him credit for ideas, musical works, songs, and label designs. He avers Defendant's actions occurred between 1974 and 1998. Bowhall seeks as relief monetary compensation in the amount of one hundred million dollars for each loss, mandatory professional assistance with song development and marketing of his other works, and relief for pain and suffering as well as emotional distress.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve

as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before

service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

The complaint filed by Bowhall satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the court is of the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

Given the nature of his claims - i.e. fraud/deceit, negligent misrepresentation, unfair competition, unjust enrichment, and civil conspiracy - the Court looks to state law to determine the applicable statute of limitations. While there is some question as to whether Alabama or Michigan law controls, ultimately, Bowhall's claims fail either way. Thus, the Court need not resolve which law to apply. Under Alabama law, the two limitations periods applicable to Bowhall's claims are two-years and six-years. *See* ALA. CODE § 6-2-34 (six year

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

statute of limitations applying to actions arising from contract and other writing);[3] ALA. CODE § 6-2-38(l) (two year statute of limitations applies to actions arising from injury to the person not arising from contract). Further, the statute begins to run when the aggrieved party discovers or in the exercise of reasonable care should have discovered the facts constituting the fraud. ALA. CODE § 6-2-3; *Wheeler v. George*, 39 So.3d 1061, 1081 (Ala. 2009). Under Michigan law, the limitations periods applicable to Bowhall's claims are three- years and six-years. *See* MICH. COMP. LAWS ANN. § 600.5805(10) (three year statute of limitations after injury to property); MICH. COMP. LAWS ANN. § 600.5807(8) (six year statute of limitations for actions to recover damages for breach of contract); MICH. COMP. LAWS ANN. § 600.5813 (six year catch all).

It's clear from the face of the complaint that Bowhall complains of actions from 1974 to 1998. Regardless of which limitations period applies, the claims are barred. While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1915, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Id.* at 640. As all of these claims fall well outside the statute of limitations, they are due dismissal pursuant to 28 U.S.C.

---

[3] While Bowhall never specifically alleges a written contract, he seems to imply that he had some sort of agreement with the defendants and so the Court will look to contract law as well.

§ 1915(e)(2)(B).  *See Clark*, 915 F.2d at 640.[4]

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)   Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be GRANTED;

(2)   Plaintiff's claims be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (ii).

(3)   Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **November 10, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v.*

---

[4]   Although *Clark* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 27th day of October, 2010.

                           /s/ Terry F. Moorer
                           TERRY F. MOORER
                           UNITED STATES MAGISTRATE JUDGE